UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACY STROUD, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:23-CV-01118-RHH |
| | ) |
| LUCAS STEFFEN in his individual capacity, et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lincoln County, Missouri's ("Defendant" or "Lincoln County") Motion to Dismiss. (ECF No. 5.) Plaintiffs Stacy Stroud and Alisha Renee Shelton brought this action alleging claims for (1) unlawful strip searches in violation of the Fourth Amendment against Corrections Officer Lucas Steffen in his individual capacity; (2) unlawful strip searches in violation of Missouri statute against Corrections Officer Lucas Steffen in his individual capacity; and (3) violation of the Missouri Sunshine Law against Lincoln County.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

**I.   Background**

The facts, as alleged in the Complaint, are as follows:

On October 18, 2021, Stroud was arrested in St. Louis County based on an outstanding warrant from Lincoln County. When she was booked into the Lincoln County jail, Stroud was

---

[1] Counts One and Two are brought by both Plaintiffs against Defendant Steffen. Count Three is brought by Plaintiff Stroud against Defendant Lincoln County.

physically and electronically searched. The following night, Corrections Officer Steffen called Stroud out of her cell, ordered her to remove her clothes, and conducted a strip search. On the same evening as the strip search of Stroud, Steffen also conducted a strip search of Shelton. As of the day after the strip searches, Steffen no longer worked at the Lincoln County Jail.

Counts I and II of the Complaint stem from the strip searches. In Count I, Plaintiffs allege Steffen conducted the strip searches in violation of their Fourth Amendment rights against unreasonable search and seizure, because the strip searches were conducted by a male officer, because the male officer filmed them, and because they had no penological purpose. In Count II, Plaintiffs also allege the strip searches violated Mo. Rev. Stat. § 544.193 because they were not conducted by a person of the same sex, Steffen never received permission from a superior to conduct the strip searches, reports of the strip searches were never prepared, and Plaintiffs never received copies of any strip search reports.

In support of Count III, Stroud alleges that on January 4, 2023, her attorney's assistant sent an email to Lincoln County requesting "All records of the strip search of Stacy Stroud on or about October 19, 2021…" as well as all records of an investigation into that strip search and any disciplinary records related to the strip search. After her attorney received no response, a follow up email was sent on January 13, 2023, a letter was sent on January 30, 2023, and another letter was sent on May 30, 2023. On July 25, 2023, Plaintiffs' counsel received an envelope containing a zip drive. The zip drive contents were a complete response to the Sunshine Act request, including two strip search reports of the incident involving Stroud, a letter stating Officer Steffen's name and indicating he resigned before an investigation could be conducted, and Stroud's other jail records. In Count III, Stroud alleges that Lincoln County knowingly violated the Sunshine Act,

and as a result, Stroud is entitled to a civil penalty of $1,000 and the court may order attorney's fees and costs.

The present motion to dismiss was filed by Defendant Lincoln County and seeks dismissal of Count III only. Counts I and II against Defendant Steffen are not challenged in the motion to dismiss, and Defendant Steffen has not taken a position on Defendant Lincoln County's motion.

## II. Standard of Review

A motion to dismiss due to lack of subject matter jurisdiction is governed by Rule 12(b)(1). When considering a motion under Rule 12(b)(1), the trial court is free to weigh all evidence and come to a conclusion regarding its power to hear a case. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). The plaintiff carries the burden of proof in establishing the existence of jurisdiction. *Id.*

## III. Discussion

Plaintiff brings Count III pursuant to Mo. Rev. Stat. § 610.010. The Missouri Open Records Act or the "Missouri Sunshine Law" requires various government entities to make public records available for inspection. *See* Mo.Rev.Stat. § 610.023. The Sunshine Law states "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." Mo.Rev.Stat. § 610.011.1.

Here, Defendant Lincoln County first argues that the Court does not have original jurisdiction over Count III because under Section 610.027.1 of the Missouri Revised Statutes, the Circuit Court of Lincoln County has exclusive jurisdiction to adjudicate the Sunshine Act claim.

Section 610.027.1 states in relevant part:

> The remedies provided by this section against public governmental bodies shall be in addition to those provided by any other provision of law. Any aggrieved person, taxpayer to, or citizen of, this state, . . . may seek judicial enforcement of the requirements of sections 610.010 to 610.026. Suits to enforce sections 610.010 to

3

> 610.026 shall be brought in the circuit court for the county in which the public governmental body has its principal place of business.

Mo. Rev. Stat. § 610.027.1. Defendant relies on *List v. County of Carroll* to support its contention that the Court does not have original jurisdiction over a Sunshine Law claim. 240 Fed. Appx. 155 (8th Cir. 2007). In *List*, citizens filed suit against the county, county officials, and an electric company arising from the county's public participation processes and procedures regarding the proposed building of an electrical power plant. The plaintiffs brought two federal claims (under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA)) and two state claims (under the Missouri Sunshine Law and the Missouri Human Rights Act). The district court dismissed all claims. The Eighth Circuit affirmed dismissal of the federal claims, finding that the ADA and RA claims based upon allegations of disability discrimination in connection with "public hearings" depends on whether, under the Missouri Sunshine Law, the hearings and notices in question had to be made available to the public. The Eighth Circuit explained "[t]hat uncertain determination is within the exclusive jurisdiction of the 'circuit court for the county in which the public governmental body has its principal place of business.'" *List,* 240 Fed. Appx. at 157 (quoting Mo.Rev.Stat. § 610.027.1). The Court also affirmed the dismissal without prejudice of the Sunshine Law claim based on Section 610.027, and then affirmed the district court's declination to exercise supplemental jurisdiction over the remaining state law claim once the other three claims were dismissed. *Id.* at 158.

In Plaintiff Stroud's response to Defendant's motion, she argues that *List* is distinguishable from the present case, and the "better interpretation" of the language in Section 610.027 is that it relates to venue, not jurisdiction. Stroud provides no binding authority to support her venue argument. Instead, she posits that *List*'s reliance on Section 610.027.1 to suggest a Sunshine Law issue is within the "exclusive jurisdiction" of the circuit court for the county is dicta, and what the

4

Eighth Circuit did in *List* was use the statute's language to affirm what typically happens when a district court dismisses all federal claims in a case with both federal and state claims—the federal court declines to exercise jurisdiction over the state court claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction.").

To support her argument, Plaintiff points to two post-*List* cases wherein district courts exercised supplemental jurisdiction over Sunshine Law claims. *See Wright v. City of Salisbury, Mo.*, No. 2:07CV00056 AGF, 2010 WL 2947709, at *1 (E.D. Mo. July 22, 2010); *Williams v. City of Marston*, 857 F. Supp. 2d 852, 862 (E.D. Mo. 2012). The undersigned does not find these cases compelling for three reasons. First, neither case involves a jurisdictional challenge based on the exclusive jurisdiction of the state court, and in retaining supplemental jurisdiction over the Sunshine Law claims, neither the *Wright* nor the *Williams* district court interprets the Eighth Circuit's language in *List v. County of Carroll.* Second, both cases involve Sunshine Law claims that were beyond the initial pleadings stage. *See Wright,* 2010 WL 2947709, at *1 (issuing findings of fact and conclusions of law following a jury trial on the federal claim and a bench trial on the Sunshine Law claim); *Williams,* 857 F. Supp. 2d at 862 (ruling on summary judgment of federal and state claims). Third, both of Plaintiff's cases involve Sunshine Law claims against a defendant who was also named a defendant in the federal law claims. *See id.* Therefore, these cases provide no guidance on the impact of the *List* decision as applied here, where the Court is determining at

the initial pleadings stage whether the state law claim against a defendant not named in the other existing claims should proceed.[2]

Even assuming Plaintiff is correct in her suggestion that the Eighth Circuit did not actually construe the language of Section 610.027.1 to give exclusive jurisdiction to the appropriate circuit court in all Missouri Sunshine Law claims, if the Court has the opportunity to exercise supplemental jurisdiction over this state law claim, it will decline to do so in this instance.

The court's supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367(a). This statute provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the [court's] original jurisdiction." 28 U.S.C. § 1367(a). The court may decline supplemental jurisdiction over claims when: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). District courts have "broad discretion" in deciding whether to exercise supplemental jurisdiction over state law claims. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 599 (8th Cir. 2002).

In this case, both Plaintiffs allege strip searches in violation of their rights under the Fourth Amendment (Count I) and Mo. Rev. Stat. § 544.193 (Count II). Both Plaintiffs bring Counts I and II against Corrections Officer Steffen. Plaintiff Stroud brings the Missouri Sunshine Law claim

---

[2] The Court's own research revealed additional post-*List* cases in which the United States District Court for the Eastern District of Missouri exercised supplemental jurisdiction over Missouri Sunshine Law claims. *See, e.g., Fletcher v. Tomlinson*, No. 4:14-CV-999 RLW, 2014 WL 5425555, at *1–3 (E.D. Mo. Oct. 22, 2014) (granting dismissal of Missouri Sunshine Law claim because the records at issue were not subject to the Sunshine law); *Abbott v. Trog*, No. 2:09CV00015 ERW, 2010 WL 199909, at *8–9 (E.D. Mo. Jan. 14, 2010) (dismissing Missouri Sunshine Law claim because the law does not require the production of the records at issue). Neither case was instructive on the issue at hand, as jurisdictional challenges were not raised in *Fletcher* or *Abbott*.

(Count III) against Defendant Lincoln County for her attorney's records request related to one of the strip searches at issue in Counts I and II. The Sunshine Law claim involves a separate defendant and separate events that took place more than a year after the strip searches at issue in the first two claims. Moreover, the Sunshine Law claim does not require the same discovery and other resources that the claims arising from the strip searches will require. The Circuit Court for Lincoln County certainly has more experience dealing with Missouri Sunshine Law claims, and the state court is in a better position to decide the issue and will probably do so more quickly than this Court could. Therefore, in the interest of judicial economy, convenience, and fairness to litigants, the Court declines to exercise supplemental jurisdiction over the Missouri Sunshine Law claim and dismisses the claim without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lincoln County's Motion to Dismiss Count III is **GRANTED**. [ECF No. 5.]

**IT IS FURTHER ORDERED** that Count III of the Complaint is **DISMISSED without prejudice**.

Dated this 1st day of February, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE